**260**          MATTER OF MARCELLIN.

Surrogate's Court, New York County, November, 1898.     [Vol. 25.

Matter of the Application of CHARLES MCNAMEE, Temporary Administrator, for Leave to Pay a Certain Claim Against the Estate of GEORGIANA P. MARCELLIN, Deceased.

(Surrogate's Court, New York County, November, 1898.)

1. **Executors and administrators — Expenses of procuring testimony of witnesses to a contested will are not a charge of administration.**

   The expenses of obtaining, by commission, the testimony of subscribing witnesses to a contested will are not proper expenses of a temporary administration; they must be paid by the parties, and any allowance therefor must be made on the taxation of costs.

2. **Same — Practice in obtaining allowance of counsel fees — Notice.**

   An application by a temporary administrator for the payment of his counsel should be made upon his own verified petition, which must in detail give the nature of the services, and notice of the application must be given to all parties who have appeared in the proceeding.

APPLICATION for an order directing the temporary administrator to make a payment to defray certain expenses of a commissioner appointed to take testimony of subscribing witness to a will upon a contest thereof, also ordering the payment of attorney's fees.

Facts are contained in decision.

Abram I. Elkus, for temporary administrator.

No other appearance.

ARNOLD, S.   Application is here made for an order directing the temporary administrator of this estate to make a payment therefrom of $100 to defray certain expenses of a commissioner appointed to take the testimony of subscribing witnesses to the will, the probate of which is contested, and also to make a payment of $500 to the attorney of the administrator for services rendered to him.   With respect to the first branch of the application, there is no authority for the order asked for.   Expenses incurred in obtaining the testimony of witnesses upon the contest over the will are not expenses of the administration of the petitioner's trust.   Code Civ. Pro., § 2672.   And see Estate of Fricke, 4 Civ. Pro. 177. Such expenses must be paid by the parties to the controversy, and any allowance therefor must be made upon the taxation of costs

of the proceeding. With respect to payments for counsel fees, full details of the character of the services claimed to have been rendered, and showing the necessity therefor, must be presented. The practice in such cases, which has been followed in this court, is laid down in Stokes v. Dale, 1 Dem. 260. Any payment made by the temporary administrator to counsel must be subject to any objection as to the reasonableness or necessity thereof which may be taken upon the settlement of his account, and a provision to that effect must be embraced in any order permitting the withdrawal of funds of the estate for the purpose of making such payment. Any application for a payment from or withdrawal of funds of the estate should be made by him personally, and the petition be verified by him. Notice of such application must be given to the attorneys for proponent and all other parties who have appeared in the probate proceedings. Upon the papers submitted the application must be denied.

Application denied.